IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CATHI CLEVEN and TARA CLEVEN, *for themselves and all others similarly situated*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:16-CV-820-RP |
| MID-AMERICA APARTMENT COMMUNITIES, INC., et al., | § § § § § | |
| Defendants. | § | |

# ORDER

Before the Court is Defendants' Partial Motion to Dismiss Second Amended Complaint and Motion for Extension of Time to Answer, (Dkt. 48), and the responsive filings thereto. Defendants' request for an oral hearing on their motion, (Dkt. 48, ¶ 49), is **DENIED**. Having reviewed the parties' submissions and the relevant law, the Court issues the following order.

## I. Background

This case represents a suit by (1) Cathi Cleven and Tara Cleven (together, the "Cleven Plaintiffs"); and (2) Areli Arellano and Joe L. Martinez (together, "the Arellano Plaintiffs") (collectively, "Plaintiffs") against Defendants Mid-America Apartment Communities, Inc. ("MAAC"), as general partner of Mid-America Apartments, LP ("MAALP"); MAALP, individually and as general partner of CMS/Colonial Multifamily Canyon Creek JV LP ("CMS/LP"); and CMS/LP (collectively, "Defendants").

Plaintiffs are residential tenants who rented apartments where, they allege, Defendants were owners and landlords. (Second Am. Compl., Dkt. 36, ¶ 13). The Cleven Plaintiffs' claim arises from their payment of allegedly unlawful fees in connection with an apartment they leased at the complex known as Colonial Grand at Canyon Creek ("Canyon Creek"). (Second Am. Compl., Dkt. 36,

1

¶¶ 26–27, 31–33; Mot. Dismiss, Dkt. 48, ¶ 2). The Arellano Plaintiffs' claim arises from their alleged payment of similar fees associated with an apartment they leased at the complex known as Colonial Grand at Double Creek ("Double Creek"). (Second Am. Compl., Dkt. 36, ¶¶ 28–29, 34; Mot. Dismiss, Dkt. 48, ¶ 3). All Plaintiffs seek to recover statutory remedies for allegedly "unreasonable and excessive rent late fees" under Section 92.019 of the Texas Property Code ("Section 92.019"), which seeks to protect residential tenants from "excessive fees and unwarranted penalties." (*Id.*); Tex. Prop. Code § 92.019.

Defendants seek dismissal of (1) the Cleven Plaintiffs' individual and putative class claims against MAAC and MAALP; and (2) the Arellano Plaintiffs' individual and putative class claims against MAAC and CMS/LP. (Mot. Dismiss, Dkt. 48).[1] Defendants assert that Section 92.019 "applies only to an 'owner' or a 'landlord' of the 'dwelling' that Plaintiffs occupied" and that Plaintiffs may therefore proceed "only against the 'owners' or 'landlords' from which they each leased a 'dwelling': CMS/LP as to the Cleven Plaintiffs, and MAALP as to the Arellano Plaintiffs." (*Id.* ¶ 5).

Plaintiffs argue that Defendants' effort to secure a determination by the Court as to whether MAAC and MAALP qualify as "owners" under Section 92.019 is premature. (Reply, Dkt. 50, at 9). "Defendants," Plaintiffs contend, "are attempting to use their Rule 12(b)(6) Motion to get a pre-discovery advisory opinion from the Court on the scope of the class." (*Id.* (citing Mot. Dismiss, Dkt. 48, at 22 n.37 ("The dismissal of Plaintiffs' claims under Section 92.019 is important not only for Defendants' appropriate alleged liability to Plaintiffs, but also for the definition of Plaintiffs' putative class."))) At this stage, Plaintiffs suggest, the Court need not attempt to resolve the merits of what amounts to a factual inquiry. (*Id.* at 9).

---

[1] Plaintiffs assert that Defendants' motion "seeks to dismiss a cause of action that Plaintiffs did not plead." (Resp., Dkt. 50, at 7). Specifically, they explain, "Defendants wrongly contend that [the Arellano Plaintiffs] seek to hold CMS/LP liable for class claims at [Double Creek] and all other [Mid-America] apartments in Texas." (*Id.*). Plaintiffs "confirm and stipulate that they only seek to hold CMS/LP liable for statutory violations at [Canyon Creek]." (*Id.* at 7 n.2).

2

## II. Legal Standard

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a complaint will not survive if it tenders "naked assertions devoid of further factual enhancement") (internal quotations omitted).

"[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. Discussion

The crux of Defendants' motion to dismiss is that Plaintiffs may proceed "only against the 'owners' or 'landlords' from which they each leased a 'dwelling': CMS/LP as to the Cleven Plaintiffs, and MAALP as to the Arellano Plaintiffs." According to Defendants, Plaintiffs' allegations regarding MAAC, MAALP, and CMS/LP's statuses as "owners" and "landlords" are "'naked assertion[s]' devoid of 'further factual enhancement' that are improper and insufficient to adequately state a claim." (Mot. Dismiss, Dkt. 48, ¶¶ 34, 39).

The Court disagrees. Plaintiffs' Second Amended Complaint includes numerous assertions on this point, several of which include sufficient elaboration to qualify them as far more than "naked

assertions devoid of further factual enhancement."[2] *Iqbal*, 556 U.S. at 681 (explaining that the assertions at issue in that case "amount[ed] to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim") (internal quotations omitted). More importantly, Plaintiffs' argument regarding Defendants' status as owners and/or landlords is accompanied by several supporting documents. The Second Amended Complaint notes, in relevant part, that:

- In an assumed name certificate recorded in the public deed records of Travis County, Texas, CMS/LP and MAALP are both listed as "owners" of Canyon Creek. (Dkt. 36-6, at Ex. 2).
- In an assumed name certificate recorded in the public deed records of Travis County, Texas, Colonial Realty Limited Partnership[3] and MAALP are both listed as "owners" of Double Creek. (Dkt. 36-14, at 2).
- In 10-K reports filed with the Securities and Exchange Commission, MAAC and MAALP averred that Mid-America "owned" Canyon Creek, Double Creek, and other Mid-America apartment properties in Texas. (Dkt. 36-10, at 2–4).

Defendants ask the Court to disregard these facts because "public records of which the Court properly may take judicial notice . . . contradict these allegations." (Mot. Dismiss, Dkt. 48, ¶¶ 38). These documents include "Jurisdictions Web Map" search results obtained from the City of Austin's website, property search results obtained from the Travis Central Appraisal District's ("TCAD") website, and a Special Warranty Deed (the "Canyon Creek Deed") filed in the real property records of the Travis County Clerk. (Mot. Dismiss, Dkt. 48, ¶¶ 12, 18).

The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). When a party requests that the Court take judicial notice of a fact and supplies it with the necessary

---

[2] *See, e.g.*, Second Am. Compl., Dkt. 36, ¶ 38 ("[MAAC and MAALP] are the surviving ownership entities, general partners, and operating/management entities under the merger with regard to all of the Colonial legacy properties. As a result, they are landlords, owners, or purported owners of all Colonial legacy apartment properties in Texas during the class period. Also, [MAAC and MAALP] are the landlords, owners, and purported owners of all MAA legacy apartment properties in Texas during the class period. MAALP has filed numerous assumed name certificates in several Texas counties and with the Secretary of State representing that it owns both Colonial legacy apartment properties and MAA legacy apartment properties in Texas."); *id.* ¶ 39 ("[MAAC, MAALP, and CMS/LP] possess all the rights, duties, obligations, and liabilities of a landlord with respect to Plaintiffs and the Class.").
[3] Colonial Realty Limited Partnership was merged into and became MAALP. (Dkt. 36-5, at 4–5).

information, the Federal Rules of Evidence provide that the Court must judicially notice the fact in question. Fed. R. Evid. 201(c). The Fifth Circuit has held that, when deciding motions to dismiss, courts may take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); see also *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). That Court has also made clear that courts may take judicial notice of information contained on governmental websites. *See Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of an approval by the National Mediation Board published on the agency's website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of a Texas agency's website). This Court therefore takes judicial notice of the Jurisdictions Web Map search results obtained from the City of Austin's website, the property search results obtained from the TCAD's website, and the Canyon Creek deed.

Defendants use those documents, and others, to argue that CMS/LP is the only "owner" of Canyon Creek and that MAALP is the only "owner" of Double Creek. Their Motion to Dismiss notes, in relevant part, that:

- The lease signed by the Cleven Plaintiffs identifies CMS/LP as the "owner" of the Canyon Creek complex. (Dkt. 36-7, at 2).
- The Canyon Creek TCAD report lists CMS/LP as the sole "owner" of the property. (Dkt. 48, at 29).
- The Canyon Creek Deed lists CMS/LP as the sole grantee. (Dkt. 48, at 32).
- The lease signed by the Arellano Plaintiffs identifies MAALP as the "owner" of the Double Creek complex. (Dkt. 36-12, at 2).
- The Double Creek TCAD report lists Colonial Realty Limited Partnership[4] as the sole "owner" of the property. (Dkt. 48, at 41).
- The Double Creek Deed lists Colonial Realty Limited Partnership as the sole grantee. (Dkt. 36-15, at 2).[5]

---

[4] As noted previously, Colonial Realty Limited Partnership was merged into and became MAALP. (Dkt. 36-5, at 4–5).
[5] While the Court is obligated to take judicial notice of the "Jurisdiction Web Map" search results offered by Defendants, it finds them irrelevant. The search results do not list any entity as an "owner" or "landlord."

5

Defendants urge the Court to stray from the Supreme Court's mandate to take as true all allegations in the complaint by citing an opinion from the Eastern District of Pennsylvania stating that "contradicted facts in the complaint are not to be deemed as true upon consideration of the motion to dismiss." (Mot. Dismiss, Dkt. 48, ¶ 34 (citing *Smith v. Litton Loan Servicing, LP*, No. 04-02846, 2005 WL 289927, at *5 (E.D. Pa. Feb. 4, 2005)). Both Defendants and the Pennsylvania opinion cite Wright & Miller in support. (Mot. Dismiss, Dkt. 48, ¶ 34 (citing 5A Wright & Miller, Federal Practice and Procedure, § 1364 (3d ed. 2004))); *Smith*, 2005 WL 289927, at *5 (same). However, the referenced provision of Wright & Miller provides no support for the proposition that courts may disregard their obligation to treat facts as true merely because those facts are contradicted by materials in the public record.[6] Given that discrepancy and the Court's inability to find any case law from the U.S. Court of Appeals supporting Defendants' contention, the Court concludes that Defendants' argument on this point should be disregarded.

In evaluating a Rule 12(b)(6) motion to dismiss, a court must consider whether a complaint provides the grounds of the plaintiff's entitlement to relief without resorting to "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. For the reasons detailed above, the complaint challenged by Defendants' motion passes that test. Defendants' motion to dismiss is **DENIED**.

## IV. Conclusion

For the reasons stated herein, **IT IS ORDERED** that Defendants' Partial Motion to Dismiss Second Amended Complaint and Motion for Extension of Time to Answer, (Dkt. 48), is **DENIED**.

---

[6] The cited provision does note that "materials outside the pleading can be presented in support of a motion to dismiss and, if received by the district judge and appropriate notice provided, may result in a conversion of the motion into one for summary judgment." 5C Wright & Miller, Federal Practice and Procedure, § 1364 (3d ed. 2004). That is not the situation in the instant case.

Defendants' Answer to Plaintiffs' Second Amended Complaint is due on or before October 9, 2017.

**SIGNED** on September 26, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE