# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CATHI CLEVEN, TARA CLEVEN, ARELI ARELLANO and JOE L. MARTINEZ, for themselves and all others similarly situated,<br><br>    Plaintiffs,<br>V.<br><br>MID-AMERICA APARTMENT COMMUNITIES, INC. as General Partner of MID-AMERICA APARTMENTS, LP, MID-AMERICA APARTMENTS, LP Individually and as General Partner of CMS/COLONIAL MULTIFAMILY CANYON CREEK JV LP, AND CMS COLONIAL MULTIFAMILY CANYON CREEK JV LP,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § | CAUSE NO. 1:16-CV-820-RP |

## ORDER DENYING MOTION TO STRIKE

Before the court is Defendants' Motion to Strike Declarations of Kevin G. Jewell and James Prutsman, Dkt. #99, Plaintiffs' Response to Defendants' Motion to Strike, Dkt. #101, and Defendants' Reply in Support of Defendants' Motion to Strike, Dkt. #102.[1] Arguments from Defendants and Plaintiffs were heard on November 2, 2017. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Order.

## I.      Background

Plaintiffs, tenants of Defendants' residential apartment communities throughout Texas, seek to certify a class under Rule 23(b)(3). They define the putative class as "all persons during the Class Period who (i) were residential tenants of apartment properties in the State of Texas

---

[1] The Motion to Strike and its responsive briefings were referred by United States District Judge Robert Pitman to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

under written leases where MAA or its predecessor in merger, Colonial, served as an owner or landlord, and (ii) were assessed and paid an initial rent late fee of $75.00 and/or a daily rent fee of at least $10.00." Dkt. #75 at 12.[2] Plaintiffs argue such late fees were assessed in violation of Tex. Prop. Code § 92.019, which provides in relevant part that "a landlord may not charge a tenant a late fee for failing to pay rent unless . . . the fee is a reasonable estimate of uncertain damages to the landlord that are incapable of precise calculation and result from late payment of rent." TEX. PROP. CODE § 92.019(a)(2). *Id.* at 12-13.

## II.      The Motion to Strike

In response to Plaintiffs' Motion for Class Certification (Dkt. #75, unsealed; Dkt. #82 sealed), Defendants relied on the declaration of Bryan Ellsberry to raise concerns about the ascertainability of the putative class. Briefly, Defendants argue that while the Yardi property management software allows identification of tenants who were assessed a late fee during their tenancy with Defendants, the software is incapable of identifying without resort to individual tenant ledgers those who actually *paid* an assessed late fee, in contrast to representations to the court and Plaintiffs by former counsel for Defendants. They also raised concerns over the difficulty associated with identifying putative class members that should be excluded due to bankruptcy.

Plaintiffs, in reply, offered the declarations of Kevin G. Jewell and James Prutsman. Jewell purports to address the concerns over the Yardi software capabilities[3], while Prutsman speaks to the bankruptcy issues. Plaintiffs timely designated Jewell as a testifying expert, but he had not yet offered any declaration. Prutsman had not yet offered any declaration, and was not timely designated.

---

[2] The court references the docketed page numbers for citation, e.g., Dkt. #75 at 12 is Plaintiffs' p. 4.
[3] Jewell relies upon information from Vimal Vachhani and Pat Nims in offering his opinions about Yardi.

Plaintiffs characterize these declarations as timely rebuttal declarations permitted by Rule 26 ungoverned by the court's January 30, 2017 Scheduling Order (Dkt. #40, the "January 30th Order"), and assert alternatively that they are permissible under Rule 37(c)(1). Defendants argue that these declarations violate the January 30th Order, are not rightly categorized as rebuttal evidence permitted by Rule 26, and should be stricken due to the prejudice that would accrue to Defendants if the court does not provide them an opportunity to depose the witnesses and supplement their briefing on the class certification motion.

### a. Legal Standard

The Federal Rules provide that where "a party fails to provide information or identify witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In determining whether the failure was substantially justified or harmless, courts consider four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Betzel v. State Farm Llloyds*, 480 F.3d 704, 707 (5th Cir. 2007). *See also Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996)(reviewing the district court's decision to exclude expert testimony for abuse of discretion under a slightly different description of these four factors).

### b. Discussion

As to the first and second factors, Plaintiffs argue the additional reports of Prutsman and Jewell were necessary to respond to testimony from Defendants' witness Ellsberry's contention that the Yardi software could provide the necessary data to determine which putative class

members were assessed late fees, but not those who actually *paid* late fees. This position, Plaintiffs argue, is inconsistent with previous stipulations and concessions from Defendants' previous counsel, including counsel's statements that Defendants would not challenge whether the putative class overcomes Rule 23(a)'s "numerosity" requirement. These factors weigh strongly in favor of Plaintiffs.

As to the third and fourth factors, prejudice to Defendants and whether that prejudice could be cured by a continuance, Defendants argue that allowing the testimony in question would prejudice Defendants because they "have not had an opportunity to depose these witnesses, designate their own experts (if necessary), or address their testimony." Dkt. #99 at 8-9. But, Defendants represent that the court could "fully cure the prejudice" by allowing Defendants to: (1) depose both Messrs. Jewell and Prutsman. . .; (2) file any appropriate rebuttal expert designations . . .; and (3) file a surreply on the class motion to address these new issues and testimony." *Id*. at 10. Thus, while there may be some prejudice to Defendants by allowing the testimony in question, it appears that a continuance to allow for these additional steps by Defendants would alleviate that prejudice.

Because the Plaintiffs have proffered an adequate explanation for the less-than-timely disclosure of Prutsman and Jewell's testimony and sufficiently explained the importance of that testimony, and because any prejudice to the Defendants in allowing the testimony can be cured by additional time, discovery, and briefing, the court finds that Plaintiff's late disclosures of Prutsman and Jewell were substantially justified and are harmless. The court will not exclude their declarations, but will allow time for further discovery and briefing to cure any prejudice that might otherwise accrue to Defendants.

### III.    Conclusion

For the foregoing reasons, Defendants' Motion to Strike (Dkt. #99) is **DENIED**.

It is **FURTHER ORDERED** that to the extent Plaintiffs intend to rely on further written declarations from Jewell, Vichani, and/or Nims, these and any other materials required by Fed. R. Civ. P. 26(a)(2)(B), along with each witness's availability for deposition, shall be served on Defendants **no later than December 2, 2017**. Plaintiffs shall make Prutsman, Jewell, Vichani, and Nims each available for deposition upon request by Defendants in **Atlanta, Georgia** at a location of Defendants' choosing. These depositions **shall be completed no later than January 31, 2018**.

It is **FURTHER ORDERED** that should Defendants choose to designate an expert witness to rebut testimony from Jewell, Vichani, and/or Nims, Defendants shall file and serve their designation of testifying experts and serve any rebuttal reports and Fed. R. Civ. P. 26(a)(2)(B) materials, along with each witness's availability for deposition, on Plaintiffs **no later than December 16, 2017**. Defendants shall make the witness(es) available for deposition upon request by Plaintiffs at a location convenient for the witness, and any deposition **shall be completed no later than February 3, 2018**.

Accordingly, Plaintiffs and Defendants shall also be permitted to amend their class certification briefings. It is **FURTHER ORDERED** that Plaintiffs shall file any supplemental briefing in support of their class certification motion **no later than February 8, 2018**. Defendants shall file any response to that supplemental briefing **no later than February 15, 2018**. No further supplemental briefing will be necessary on the class certification motion.

The court **SETS** Plaintiffs' Opposed Motion for Class Certification and Brief in Support (Dkt. #75, redacted; Dkt. #82, sealed) and all related briefings for hearing at **9:00 a.m. on**

**Thursday, March 1, 2018**, in Courtroom Eight on the seventh floor of the Federal Courthouse located at **501 W. 5th Street, Austin, Texas 78701**. Each party shall file and serve on all other parties a list of fact witnesses, testifying experts, and exhibits to be used at the class certification hearing **no later than February 22, 2018**.

It is **FURTHER ORDERED** that the parties shall continue to comply with the January 30th Order for all other purposes unless and until changes to that scheduling order are otherwise sought or ordered.

SIGNED November 2, 2017.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE