IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CATHI CLEVEN, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| MID-AMERICA APARTMENT | § | CASE NO. 1:16-CV-00820-RP |
| COMMUNITIES, INC.. ET AL., | § | |
| | § | |
| Defendants. | § | |

**PLAINITFFS' RESPONSE TO DEFENDANTS' OPPOSED MOTION FOR STAY
OF ALL DISTRICT COURT PROCEEDINGS PENDING
RESOLUTION OF RULE 23(F) APPEAL (DKT. 245)**

On October 22, 2018, this Court entered an order (Dkt. 246) granting in part Defendants'
motion to stay dissemination of Class notice pending resolution of Defendants' Rule 23(f) appeal
of the Court's class certification order (Dkt. 234). Now, Defendants seek a broader stay of *all
matters* in the case pending a resolution of that Rule 23(f) appeal. A complete stay is
unwarranted by the facts and law, as Defendants have not met at least three of the four
requirements for a complete stay.

A Rule 23(f) appeal does not prevent a district court from deciding other issues that are
unaffected by the outcome of the appeal.  Here, several dispositive motions, all of which are ripe
for decision, fit that category, including Plaintiffs' first motion for partial sumary judgment (Dkt.
104) on Defendants' counterclaim for common law damages and attorney's fees. The Court
already questioned Defendants' counterclaim in its order certifying the Class (Dkt. 208 at 15).
These pending substantive motions affect Plaintiffs, and thus must be decided regardless of the
outcome of the Rule 23(f) appeal. Additionally, there are efficiencies to be gained by deciding
those motions now when the issues are fresh in the Court's mind, rather than many months from

now. Further, a decision on these motions now allows for a speedy trial once the appeal is resolved. Defendants will not suffer irreparable harm if these issues unrelated to class certification are resolved during the appeal.

The late fee data compilation ordered by the Court on October 22, 2018 (Dkt. 246) is substantially completed, and the most efficient use of resources is to require Defendants to finish that task now rather than stop it in mid-stride. The Court got it right in its prior order when it granted Defendants relief.

Granting of a complete stay of this case would not serve the public interest and would cause substantial harm to Plaintiffs and the Class. This case is being watched closely by tenants' advocacy groups in Texas and the apartment industry. The Court has expended substantial time and energy construing the relevant statute.  There remains an important question of law of whether Defendants may recover on their breach of contract counterclaim against Plaintiffs for paying rent late, when the Court has already determined Plaintiffs are entitled to recovery under Section 92.019. Unless and until that statutory construction question is answered, Defendants will argue that they can use their own alleged (but in reality, non-existent) damages and attorney's fees to negate or reduce their liability to Plaintiffs and the Class. Resolution of the issue as to Plaintiffs will apply equally to the Class if the class certification order is upheld on appeal.

Contrary to what Defendants are telling the Court, they have no intention of putting the statutory issues on the shelf if the Court grants their requested complete stay. The Texas Apartment Association ("TAA"), of which MAA is a prominent member, recently advised its members that the industry's "top priority" at the upcoming Legislative Session starting in is to stand with MAA "to remove the ambiguity" [caused by the "adverse rulings" from this Court].

Defendants want a complete stay to freeze the case, while Defendants and TAA busily work behind the scenes at the Legislature. The legal issues affecting Defendants' counterclaim against Plaintiffs are fully developed, briefed and ripe for ruling, and should be ruled on while the appeal is pending to ensure a prompt end to the case once the appeal is decided.  The public interest is served by that balanced approach.

## ARGUMENT

An appeal under Rule 23(f) "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." FED. R. CIV. P. 23(f). "Stays issued pursuant to Rule 23(f) are discretionary and rare." *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017), citing  *M.D. v. Perry*, 2011 WL 7047039, *1 (S.D. Tex. July 21, 2011); *In re Mounce*, 2008 WL 2714423, *6 (Bankr. W.D. Tex. July 10, 2008); *see also, e.g., Erica P. John Fund, Inc. v. Halliburton Co.*, 2015 WL 12710694, at *1 (N.D. Tex. Nov. 24, 2015).

On September 28, 2018, Defendants requested a stay of notice to Class members (Dkt. 234), which the Court granted (Dkt. 246). Now, Defendants want more, asking the Court to put the case on ice completely until the limited appeal of the class certification order is decided. This request ignores the fact that there are several pending dispositive motions, unaffected by the Rule 23(f) appeal, that are ripe for ruling. This Court carefully considered Defendants' previous motion for stay, exercised its discretion and granted them the relief they sought. Defendants do not offer any compelling reason why the Court should revisit this decided matter and modify the existing order.

When deciding a motion to stay, courts in this circuit apply a four-part test: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant

has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4 (citing *In re First South Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987)). "The movant bears the burden of showing that a stay is justified" and "[e]ach part of the test must be met." *In re: BP P.L.C. Sec. Litig.*, 2016 WL 164109, at *2 (S.D. Tex. Jan. 14, 2016), citing *Nken v. Holder*, 556 U.S. 418, 433-34 (2009); accord *Arnold v. Garlock, Inc.,* 278 F.3d 426, 439 (5th Cir. 2001) ("[E]ach part must be met").

A.    **Defendants'  have not made "a showing of likelihood of success on the merits"**

Defendants conflate the Rule 23(f) appeal (which is focused solely on the propriety of class certification) with an appeal of the summary judgment ruling on the merits of the case. The Court has already stayed dissemination of notice to the Class; thus, Defendants already have the relief they need with regard to their limited appeal under Rule 23(f). What Defendants really want is a stay of the merits, even though the merits are not the subject of the current appeal. The "serious legal question" currently under review is the Court's class certification order, not the Court's interpretation of Section 92.019.

There may be situations where "novel questions" and lack of clear precedent might substitute for "a showing of likelihood of success on the merits," but those situations are not present here. In a case cited by Defendants, the district court found that "the novelty of this matter and significant lack of precedent regarding the application of *Bristol-Myers*" sufficed. *Cruson v. Jackson Nat'l Life Ins. Co.*, 2018 WL 2937471, at *4 (E.D. Tex. June 12, 2018). *Bristol-Myers* involved the exercise of personal jurisdiction by out-of-state plaintiffs. Of course, that issue is not present in this case. *Nevada v. United States Dep't of Labor* similarly contained a

convoluted fact pattern which in no way appears in this case. 2018 WL 2020674, at *1 (E.D. Tex. May 1, 2018) [Defendants' motion suggest that *Nevada* is a class action case involving a Rule 23(f) appeal.  Motion at 4.  That does not appear to be the situation at all.].  The present appeal presents routine Rule 23 issues, and the Fifth Circuit has substantial case law on which to evaluate this Court's grant of class certification.

**B.**   **Defendants cannot seriously claim they will suffer irreparable injury unless this case is stayed completely**

   1.   *Completion of the Class data compilation is substantially complete already; efficiency dictates that the process be completed rather than halting it just before completion.*

Defendants long ago compiled electronic data in Excel format showing all late fee charges to the Class, through approximately March 2017. Dkt. 126-28 - Dkt. 126-31.  As part of the agreed notice plan and as required to supplement timely discovery requests from Plaintiffs, Defendants agreed to update the data through the end of the class period (Sept. 30, 2017) and add additional columns to the Excel spreadsheets for payment data along with Class members' addresses and emails for notice. The Court ordered Defendant to provide this data, in the agreed format reflected in Ex. D to the agreed notice plan (Dkt. 225-1, Ex. D), by November 2, 2018. The payment data to be added to the existing Excel spreadsheets was compiled for Defendants by their experts. All Plaintiffs sought was to have that data combined into the existing Excel spreadsheets and provided to Class Counsel in a usable format.

This information was timely sought before the close of discovery and is needed to get the parties on the same page on the amount in controversy. Also, it will streamline conclusion of the case once the appeal is resolved.  This information is a vital component of any potential settlement discussions as well. Considering the fact that Defendants have assembled most or all of this data already, there is little burden or cost to finish the project underway and provide the

results to Class Counsel now, as Defendants previously agreed to do and as the Court has ordered.

Any supposed privacy interests Defendants have relating to this data are fully addressed by the Court's confidentiality and protective order, which Defendants have used prodigiously throughout this litigation. The data to be provided to Class Counsel can be designated as confidential, ensuring that any privacy interests of Class members are adequately protected. Besides that, Class Counsel represents these class members and owes them a fiduciary duty. Any claimed harm relating to Class data being sent to Class Counsel under the Court's protective order is illusory or overstated, at least.

2.      *Relevant litigation costs are nominal*

Defendants further argue that they will suffer irreparable harm in the form of increased litigation costs unless the case is stayed in its entirety. That argument lacks merit. The pending dispositive motions that Plaintiffs ask the Court to decide during the appeal are fully briefed and ripe for ruling. All litigation costs associated with those motions have been incurred already.

Likewise, the minimal cost to complete the ongoing compilation of data regarding late fees paid by Class members is nominal. Completion of that task now is cheaper than stopping the process mid-stride and restarting it months later, when the personnel involved have lost their familiarity with the subject matter and have to re-familiarize themselves with the background and steps involved. Efficiency dictates that the process be completed now, as the Court ordered.

Defendants have contested almost every issue in this case, sparing no expense and doing everything possible to run up Plaintiffs' costs, making it somewhat ironic that they are suddenly sensitive to relatively nominal litigation costs. It's a disingenuous argument. Defendants recently represented in an SEC Form 8-K filing that their potential liability in both this case and the

related *Brown* case would "not be expected to have a material adverse effect on [Defendants'] operations, financial position, prospects or credit profile." *See* Dkt. 238 at 3, 4 and Ex. 1 thereto (Defendants' Form 8-K filed September 19, 2018), at 7.  Moreover, Defendants agreed to finish compiling the relevant data as part of the agreed Notice Plan approved by the Court (Dkt. 224). It is absurd for Defendants to suggest that absent a complete stay of the case, they will suffer irreparable injury.  After all, Defendants are a goliath (boasting in public filings that they are an $11 billion apartment REIT).

"[M]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Halprin v. Fed. Deposit Ins. Corp.*, 2017 WL 3032433, at *3 (W.D. Tex. July 17, 2017), quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974); *see, e.g., In re Cobalt Int'l Energy*, 2017 WL 3620590, at *4 (denying stay pending Rule 23(f) appeal and holding "the prospect of having to engage in discovery is not irreparable harm for purposes of a stay pending appeal."); *M.D. v. Perry*, 2011 WL 7047039, at *2 (denying stay pending Rule 23(f) appeal and holding that "[t]he prospect of burdensome or expensive discovery alone is not sufficient to demonstrate 'irreparable injury.'"); *In re Mounce*, 2008 WL 2714423, at *8; *see also, e.g., Strougo v. Barclays PLC,* 194 F. Supp. 3d 230, 234 (S.D.N.Y. 2016) (denying stay pending Rule 23(f) appeal and holding litigation expenses did not constitute irreparable injury); *Thorpe v. D.C.,* 306 F.R.D. 6, 11 (D. D.C. 2014) (same); *Monaco v. Bear Stearns Companies, Inc.*, 2012 WL 12506860, at *4 (C.D. Cal. Dec. 5, 2012) (same).

This case has been pending for 28 months. Summary judgment has been granted on Defendants' liability, and the only remaining issues in the case concerning liability are before the Court in fully briefed and ripe dispositive motions filed by both sides, all of which must be decided regardless of the outcome of the Rule 23(f) appeal. A complete stay would unnecessarily

delay rulings on these matters unaffected by the appeal, further prejudicing Plaintiffs' and the Class's interest in a speedy trial and resolution of this matter, which has been pending since June 2016. *See, gen., Erica P. John Fund, Inc. v. Halliburton Co*., 2015 WL 12710694, at *1 (N.D. Tex. Nov. 24, 2015) (denying stay pending Rule 23(f) appeal and holding the "costs of 'potentially unnecessary; discovery and motion practice—does not outweigh the prejudice to Plaintiffs whose claims have been pending" for years and "continued delay in the resolution of this matter may erode public confidence in the judicial process"); *Roseman v. Bloomberg L.P.*, 2017 WL 5176379, at *3 (S.D.N.Y. Nov. 7, 2017) (denying stay pending Rule 23(f) appeal and holding that "[n]o compelling interest weighs in favor of issuing a stay" because "the public interest favors a speedy trial and resolution of this matter.").

The minimal burden placed on Defendants to complete their supplementation of the existing late fee data (*See* Doc 224-1 at ¶¶ 1-3) "does not outweigh the hardship of delaying resolution of the litigation." *See, e.g., Jenkins v. Hyundai Motor Fin. Co.,* 2008 WL 2268319, at *4 (S.D. Ohio June 2, 2008) ("The Court concludes that the minimal burden placed on Hyundai to address issues related to notice does not outweigh the hardship of delaying resolution of the litigation.").

**C.    A complete stay of the case would not serve the public interest and likely would cause substantial harm to Plaintiffs**

The public has an interest in this litigation because this Court's rulings on Section 92.019 will affect literally hundreds of thousands of residential tenants across the state of Texas. The Court has already interpreted Section 92.019(a)(2) of the Statute as requiring a prospective estimate of damages before a landlord may charge its tenants rent late fees. The counterclaim that Defendants have filed against Plaintiffs seeks to undermine the remedial provisions of Section 92.019(c) and (e) by allowing a landlord that violates the Statute to reduce or eliminate

its liability by recovering common law damages and attorney's fees based on the same late rent payment for which it charged an unlawful late fee. That is an important legal question affecting Plaintiffs (and the Class) that needs to be decided now before the parties' claims and defenses can be fully resolved.

The Court and Magistrate Judge Lane previously expressed their skepticism that the Statute would give a landlord two bites at the apple, *i.e.*, the right to charge rent late fees and also recover breach of contract damages for the same late payment. *See* Certification Order, Dkt. 208 at 15. ("*Regarding possible individual counterclaims or defenses, the Court agrees with the magistrate judge that 'the plain language of the statute suggest[s] that such defenses and counterclaims are not permissible'*," citing R&R, Dkt. 166 at 13.). Plaintiffs' first motion for partial summary judgment on Defendants' counterclaim [against Plaintiffs] was filed on October 24, 2017 (Dkt. 104). Defendants responded to that motion on December 7, 2017 (Dkt. 117) and Plaintiffs filed a reply on December 21, 2017 (Dkt. 122), meaning the motion is ripe for ruling. The public interest is served by the Court's continued work on that key issue while it is fresh on the Court's mind.

The public interest is further served by a prompt resolution of the remaining legal questions in this case about Section 92.019 because that promotes the public's confidence in the judicial process. *Roseman,* 2017 WL 5176379, at *3. There is little doubt that Defendants and TAA have no intention of shutting down their work on the legal issues in this case during the Rule 23(f) appeal.  That was made clear in a written message recently sent out to TAA members:

> **A U.S. District Court in Texas recently issued adverse rulings in two class action lawsuits concerning late fees. What happens next?**
> …
> On September 18, 2018, the United States District Court for the Western District of Texas issued two rulings that found Mid-America Apartment Communities,

> Inc.'s (MAA) late fee policies violated the Texas late fee statute, Texas Property Code § 92.019, and in particular, 92.019(a)(2) ....
>
> ...
>
> The Texas Apartment Association is still evaluating the court's reasoning for these adverse rulings, but it appears to be mostly based upon the court's interpretation of Section 92.019 that before setting a late fee, an owner must evaluate and prospectively estimate the uncertain damages that would result from the untimely payment of rent.
>
> …
>
> **Possible appeals, legislative action**
>
> TAA understands that MAA is evaluating its appellate options as to these rulings, so it remains to be seen if they will ultimately be binding or not. TAA will be vigorously supporting any such appeals. Until then, our government affairs team will continue to work on clarifying the law in an attempt to provide regulatory certainty for all our members.
>
> … In TAA's opinion, the court's rulings show that it is necessary to clarify the law to remove the ambiguity in current law and allow property owners to continue to assess reasonable late fees when residents fail to pay rent on time. Addressing this issue is TAA's top priority for the 2019 legislative session.

**Ex. 1**. This shows that Defendants are not really interested in conserving resources and saving money. While they want the Court and Plaintiffs to stand down, they have no intention of doing so themselves. Defendants' public interest argument is pure subterfuge.

The best use of the Court's time and the better service of the public interest is to stay dissemination of notice to Class members until the Rule 23(f) appeal is resolved, as this Court has already ordered, and continue to consider and rule on the pending dispositive motions affecting Plaintiffs that will also provide guidance to tenants and landlords on the meaning of Section 92.019. That plan fairly balances the interests of Plaintiffs and Defendants.

## CONCLUSION AND PRAYER

The Court should stand by its order dated October 22, 2018 (Dkt. 246) staying dissemination of notice pending a resolution of the Rule 23(f) appeal, ordering Defendants to complete the process (well underway already) of compiling data showing all late fee charges and payments affecting the Class, and rule on the dispositive motions addressing Defendants' counterclaim now. That is an efficient and reasonable way to move the case to a conclusion while protecting the parties' competing interests.  Such a plan also serves the public interest and will give the parties further guidance that could drive a negotiated resolution of this dispute.  For these reasons, Plaintiffs request the Court to leave its current order regarding a stay intact and deny Defendants' motion to stay the case in its entirety.

Respectfully submitted,

*/s/  Britton D. Monts*
BRITTON D. MONTS
Bar No. 14303900
THE MONTS FIRM
401 Congress Ave., Suite 1540
Austin, Texas 78701-3851
bmonts@themontsfirm.com
(512) 474-6092 – Telephone
(512) 692-2981 – Fax

R. MARTIN WEBER, JR.
State Bar No. 00791895
RICHARD E. NORMAN
State Bar No. 00788128
Crowley Norman LLP
Three Riverway, Suite 1775
Houston, Texas 77056
rnorman@crowleynorman.com
mweber@crowleynorman.com
(713) 651-1771 – Telephone
(713) 651-1775 – Facsimile

JASON W. SNELL
Bar No. 24013540
THE SNELL LAW FIRM, PLLC
1615 W. 6th St.
Austin, Texas 78703
firm@snellfirm.com – Email
(512) 477-5291 – Telephone
(512) 477-5294 – Fax

STACEY V. REESE
Bar No. 24056188
STACEY V. REESE LAW PLLC
910 West Avenue, Suite 15
Austin, Texas 78701
stacey@reeselawpractice.com
(512) 212-1423 – Telephone
(512) 233-5917 – Facsimile

ATTORNEYS FOR PLAINTIFFS AND THE CLASS

## CERTIFICATE OF SERVICE

I certify that on October 29, 2018, I caused the foregoing document to be electronically filed with the Clerk of the Court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Defendants by and through their counsel of record.

*/s/ Britton D. Monts*
Britton D. Monts